[Cite as *Card v. S. Ohio Correctional Facility*, 2010-Ohio-551.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TYRONE CARD

     Plaintiff

     v.

SOUTHERN OHIO CORRECTIONAL FACILITY

     Defendant
     Case No. 2008-11613

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff testified that "a couple of years ago" he began to seek medical treatment from defendant for several ailments including joint and abdominal pain, poor vision, and "numbness." Plaintiff stated that defendant subsequently arranged for him to see several physicians, including specialists, and to undergo various medical procedures such as x-rays and a colonoscopy.

{¶ 3} According to plaintiff, his ongoing course of treatment has not alleviated his ailments and defendant's medical professionals will not provide him with both the specific care and the medication that he believes are necessary for his well-being. Plaintiff thus alleges that defendant provided him negligent medical care.

{¶ 4} In order to prevail on a claim for medical malpractice, plaintiff must establish: 1) the standard of care recognized by the medical community; 2) the failure of

defendant to meet the requisite standard of care; and, 3) a direct causal connection between the medically negligent act and the injury sustained. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127. These elements must be established by expert testimony unless the negligent conduct "is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it * * *." Id. at 130.

{¶ 5} Plaintiff alleges that medical professionals employed by defendant selected an inappropriate course of treatment for his ailments. Such matters are not within the common knowledge and experience of laymen inasmuch as they involve the professional skill and judgment used by the physicians who treated plaintiff. Therefore, expert testimony is required both to establish the requisite standard of care and to show that defendant's employees deviated from that standard of care.

{¶ 6} Plaintiff has not provided expert testimony and, as a result, the court finds that plaintiff failed to prove his claim of negligence by a preponderance of the evidence. Accordingly, it is recommended that judgment be rendered in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO

Magistrate

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Tyrone Card, #510-865
787 Lucasville-Minford Road
Lucasville, Ohio 45648

RCV/cmd/Filed February 1, 2010
To S.C. reporter February 16, 2010